UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AZIZA JAWAD, *et al.*,<br><br>     **Plaintiffs,**<br><br>  v.<br><br>JoANNE BARNHART,<br>**Commissioner of Social Security,**<br><br>     **Defendant.** | Civil Action 05-1116 (HHK) |

**MEMORANDUM OPINION**

This action is before the court on defendant's motion for judgment of affirmance. Having considered the motion, plaintiff's opposition, and the record of this case, the court concludes that defendant's motion should be granted.

I.  BACKGROUND

Plaintiff Aziza Jawad ("Mrs. Jawad") and the late Adli A. Jawad ("Mr. Jawad") married on August 6, 1993, in Las Vegas, Nevada. Defendant's Memorandum for Judgment of Affirmance ("Def.'s Mot."), Administrative Record ("A.R.") 52 (Marriage Certificate). The couple had two sons, Jad Jawad and Shadi Jawad. Complaint ("Compl.") ¶¶ 1, 4.

Plaintiffs are United States citizens. Compl. ¶ 1. They are "currently residing in the West Bank of Jordan known as the Palestinian Authority."[1] *Id.* ¶ 1.

---

[1] Plaintiffs filed this action initially in the United States District Court for the Eastern District of California. It was transferred here pursuant to 42 U.S.C. § 405(g).

1

Mr. Jawad died on July 2, 1999.  A.R. 53-54 (Certificate of Death).  Mrs. Jawad applied to the Social Security Administration ("SSA") for child's insurance benefits and mother's insurance benefits on November 22 and December 6, 1999, respectively.  Compl. ¶ 4; A.R. 19-30 (Application for Child's Insurance Benefits), 31-34 (Application for Mother's or Father's Insurance Benefits).  SSA denied both applications on May 5, 2000.  Compl. ¶ 4.  Mrs. Jawad unsuccessfully sought reconsideration.  *Id.* ¶ 5; A.R. 35-36 (Request for Reconsideration), 37-42 (April 25, 2002 Notice of Reconsideration).  Subsequently, she requested a hearing before an Administrative Law Judge ("ALJ").  Compl. ¶ 5; A.R. 43-45 (Request for Hearing by Administrative Law Judge).  After a hearing on the record, the ALJ denied the claims on May 2, 2003.  Compl. ¶ 5; A.R. 10-18 (Decision).  The Appeals Council denied Mrs. Jawad's request for review, rendering the ALJ's decision the final decision of the Social Security Commissioner ("Commissioner").  A.R. 3-5 (Notice of Appeals Council Action).

Plaintiffs seek review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

## II.  DISCUSSION

The Court may affirm the Commissioner's decision only if it is supported by substantial evidence in the record, and is not tainted by an error of law.  *See Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C.Cir.1987); *see also* 42 U.S.C. § 405(g).  Substantial evidence "is such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Davis v. Shalala*, 862 F.Supp. 1, 4 (D.D.C. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Although the ALJ's decision is entitled to considerable deference, the Court still must ensure that substantial evidence supports the decision.  *See Davis v. Shalala*, 862 F.Supp. at 4.

### A. Mr. Jawad was neither fully nor currently insured when he died.

A person may be entitled to mother's insurance benefits on the earnings record of someone who was fully or currently insured when he died. *See* 20 C.F.R. § 404.339. Among other things, that person must be the unmarried widow of the insured and have in her care the insured's child who is under age 16. *Id.* A person may be entitled to child's insurance benefits on the earnings record of a deceased insured parent if, among other things, that person is an unmarried dependent under age 18. *See* 20 C.F.R. § 404.350.

A person is "insured" if he "has enough earnings under social security to permit payment of benefits on his [] earnings record." 20 C.F.R. § 404.303. He is "fully insured" if he has at least six but not more than 40 quarters of coverage ("QCs"), having acquired at least one QC for each calendar year after he reached age 21 and before the year he died. 20 C.F.R. § 404.110(b)(1), (3). QCs are credited based upon wages and self-employment income. 20 C.F.R. § 404.101(b). A person is "currently insured" if he has "at least 6 quarters of coverage (QCs) during the 13-quarter period ending with the quarter in which he [dies]." 20 C.F.R. § 404.120(a). The Commissioner determined that Mr. Jawad needed 24 QCs to be fully insured. A.R. 14. Based on SSA records, Mr. Jawad had only 16 QCs, none of which were accrued in the 13-quarter period before his death. A.R. 46 (Detail Earnings). Mr. Jawad, then, was neither fully nor currently insured when he died.

### B. Plaintiffs did not submit a timely request for revision of Mr. Jawad's earnings record.

Generally, if a survivor believes that a deceased person's earnings record is incorrect, she must file a request for correction of the record within the time limit for the year in question. 20

C.F.R. § 404.820(a). The term "time limit" means "a period of time 3 years, 3 months, and 15 days after any year in which [a person] received earnings." 20 C.F.R. § 404.802. "Before the time limit ends for any year, [SSA] will correct the record of [] earnings for that year for any reason if satisfactory evidence shows SSA records are incorrect." 20 C.F.R. § 404.821.

At issue in this case are Mr. Jawad's earnings records for the years 1996 and 1997. The time limits for those years end on March 15, 2000 and March 15, 2001, respectively. *See* A.R. 16. The record does not demonstrate any attempt to correct Mr. Jawad's earnings record before the relevant time limits ended.

> *C. Plaintiffs did not meet the requirements for correcting Mr. Jawad's earnings records after the time limits for the years 1996 and 1997 ended.*

Generally, the SSA's earnings record is conclusive for a particular year after the time limit for that year ends. *See* 20 C.F.R. § 404.803. "After the time limit for any year ends, [SSA] may correct the record of [] earnings for that year if satisfactory evidence shows SSA records are incorrect" and if an enumerated exception applies. 20 C.F.R. § 404.822. For example, the SSA will correct its records to agree with a tax return of wages or self-employment to the extent that the amount of earnings shown in the return is correct. 20 C.F.R. § 404.822(b). In addition, corrections can be made to reflect the results of an investigation, to remedy clerical errors, or to change information entered on an earnings record as the result of fraud. *See* 20 C.F.R. § 404.822(e).

Mrs. Jawad submitted copies of income tax returns for tax years 1996 and 1997. *See* A.R. 67-89 (Individual income tax returns and supporting schedules for 1996 and 1997). She signed each return on October 20, 2000. *Id*. According to these returns, Mr. Jawad's principal

business was retail sales, and he reported $5,734 in net earnings from self-employment in 1996, and $6,185 in net earnings in 1997. A.R. 71, 83 (Schedules SE). The ALJ noted that the returns themselves did not indicate when or whether they were filed with the Internal Revenue Service. A.R. 17. Given the date on which Mrs. Jawad signed the returns, October 20, 2000, the 1996 return could not have been filed with the Internal Revenue Service before the time limit for 1996 ended on March 15, 2000. A.R. 17 (Decision). The ALJ could not determine whether the 1997 income tax return was filed before the time limit for challenging Mr. Jawad's 1997 earnings record ended on March 15, 2001. *Id.* Without additional documentation supporting the 1996 and 1997 income tax returns, the ALJ could not determine whether Mr. Jawad operated a business and generated the net income reflected in the returns. *Id.* Neither the receipts Mrs. Jawad submitted, *see* A.R. 90-93, nor documents pertaining to refunds from the Internal Revenue Service, *see* A.R. 94-97, were sufficient to meet plaintiffs' evidentiary burden.

### III.  CONCLUSION

The Court concludes that the agency's final decision has ample support. The record demonstrates that Mr. Jawad was not insured at the time of his death, plaintiffs did not submit a timely request for correction of Mr. Jawad's earnings record, and plaintiffs failed to present satisfactory evidence of any error in SSA's records. Accordingly, defendant's motion for summary affirmance will be granted. An Order consistent with this Memorandum Opinion will be issued separately on this same date.


Date:   June 20, 2006                                    /s/
                                         HENRY H. KENNEDY, JR.
                                         United States District Judge